IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00772-BNB

TRISTA ANNE SCHMIER,

    Plaintiff,

v.

PENROSE-ST FRANCIS HEALTH SERVICES,
M.D. KEVIN L. CRUMPTON,
M.D. HALLET N. WATZ,
CHRISTINE PAPROCKI, and
FRONT RANGE EMERGENCY SPECIALISTS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 6 2011

GREGORY C. LANGHAM
                      CLERK

## ORDER OF DISMISSAL

Plaintiff, Trista Anne Schmier, initiated this action by filing a *pro se* complaint on March 25, 2011. Ms. Schmier was granted leave to proceed *in forma pauperis* by order dated April 4, 2011.

On April 6, 2011, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Magistrate Judge Boland noted that Ms. Schmier failed to provide a short and plain statement of the grounds for the Court's jurisdiction over her claims. Therefore, Ms. Schmier was ordered to file an Amended Complaint within thirty days. Ms. Schmier was directed to identify what federal statute provides jurisdiction for her action in this Court.

Ms. Schmier submitted an Amended Complaint on April 12, 2011. The Court must construe the Amended Complaint liberally because Ms. Schmier is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has now reviewed the Amended Complaint and has determined that the Amended Complaint and action should be dismissed.

In the Amended Complaint, Ms. Schmier asserts claims alleging medical negligence based on her treatment at the Emergency Department of the Penrose-St. Francis Hospital in Colorado Springs.

Ms. Schmier states that "[j]urisdiction over the Plaintiff's state law claims is invoked pursuant to Federal Rules of Civil Procedure 4(k)(1)(a). Both parties are from the same state and therefore can be served as summons in the same state in which they reside." Amended Complaint at 2. However, Rule 4 of the Federal Rules of Civil Procedure is not a jurisdictional statute that would confer jurisdiction in this case. Instead, Ms. Schmier must demonstrate the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 or 28 U.S.C. § 1331. Ms. Schmier has failed to establish that either jurisdictional statute applies here.

Federal courts are courts of limited jurisdiction; therefore, they may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine. *See, e.g., Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). In order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, Ms. Schmier must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000. *See Symes v. Harris*,

2

472 F.3d 754, 758 (10th Cir. 2006). However, it does not appear that there is complete diversity in this action, as required pursuant to § 1332(a), because Ms. Schmier alleges that both she and all named Defendants are residents of Colorado. Amended Complaint at 1-2. Further, there is no indication that the amount in controversy exceeds $75,000.00, as required by § 1332(b). Amended Complaint at 8.

Because the parties are not diverse, if federal subject matter jurisdiction exists, it must arise under a law of the United States. **See** 28 U.S.C. § 1331. A case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." **Franchise Tax Board v. Construction Laborers Vacation Trust**, 463 U.S. 1, 27-28 (1983). Ms. Schmier does not claim that her cause of action, medical negligence, is created by federal law. Further, "[n]o federal civil rights statute is implicated by the tort of medical malpractice." **Lewis v. Stevenson**, 123 Fed. Appx. 885, 887 (10th Cir. Fb. 8, 2005) (unpublished opinion) (citation omitted).

In addition, Ms. Schmier now appears to recognize that this Court does not have jurisdiction over her claims. On April 20, 2011, she filed a "Motion for Change of Venue from Federal District Court under Colorado Rules of Civil Procedure 98(c)(1) and 98(e)." In the Motion, Ms. Schmier states that "after doing research she realized that this court dose [sic] not have the proper Jurisdiction over this claim for Medical Malpractice because claims for Medical Malpractice are Governed under State laws and not Federal laws." Therefore, Ms. Schmier requests that the Court transfer venue to the El Paso County District Court. However, under 28 U.S.C. § 1404(a), a federal court has no

authority to transfer venue to a state court. *See, e.g., Gross v. Silverberg*, 2010 WL 5147594, at * 2 (D. Colo. Dec. 13, 2010) (unpublished opinion) (citing *Quarles v. Unites States ex. Rel. Bureau of Indian Affairs*, 2006 WL 2645131, at *3 (N.D. Okla. Sept. 12, 2006)). Therefore, Plaintiff's Motion to Change Venue will be denied. Moreover, because Ms. Schmier fails to assert proper jurisdiction for this Court to consider her claims, the action will be dismissed. Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Plaintiff's "Motion for Change of Venue from Federal District Court Under Colorado Rules of Civil Procedure 98(c)(1) and 98(e)," (Doc. # 19) is DENIED as set forth above. It is

FURTHER ORDERED that all other pending motions are DENIED as moot.

DATED at Denver, Colorado, this 26th day of April, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00772

Trista Anne Schimier
5408 N Nevada Ave #103
Colorado Springs, CO 80918

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 26, 2011.

                                      GREGORY C. LANGHAM, CLERK

                              By: _____
                                          Deputy Clerk